**MINUTE ORDER**

**Taipi v. Brooklyn Manor Realty, Inc.**, 08cv00772 (**CPS**)(**MDG**)

This order recapitulates a ruling granting defendants' motion to compel [24] made on the record at a conference on May 1, 2009.

The Court finds that a document created by the plaintiff to prepare for his deposition that he examined while testifying must be produced pursuant to Fed. R. Evid. 612. Rule 612 provides that "[i]f a witness uses a writing to refresh memory for the purpose of testifying, . . . while testifying, . . . an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which related to the testimony of the witness." Rule 612 applies to deposition testimony as well as trial testimony. See Sporck v. Peil, 759 F.2d 312, 317 (3d Cir. 1985); EEOC v. Johnson & Higgins, Inc., 1998 WL 778369, at *12 n.10 (S.D.N.Y. Nov. 6, 1998). Under the rule, if a witness uses the document while testifying it must be produced on demand. See MSX Int'l Eng'g Servs., Inc., 212 F.R.D. 159, 164 (S.D.N.Y. 2002); U.S. v. Finkielstain, 718 F. Supp. 1187, 1192 (S.D.N.Y. 1989). Even where, as here, the document constitutes work product that merely collects facts, the testimonial use of the document waives protection. See U.S. v. Nobles, 422 U.S. 225, 239-40 & n.14 (1975); U.S. v. Wright, 489 U.S. 1181, 1188 (D.C. Cir. 1973); Weinstein's Federal Evidence § 612.05[2]. Based on the portions of the deposition transcript submitted to the Court, it is clear that the plaintiff relied on the document while testifying to refresh his recollection.

**SO ORDERED.**

Dated:   Brooklyn, New York
         May 1, 2009

                                        /s/
                                        MARILYN D. GO
                                        UNITED STATES MAGISTRATE JUDGE